Filed 1/3/23  P. v. Moeum CA2/8
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>SOPHORN J. MOEUM,<br><br>　　　Defendant and Appellant. | B300707<br><br>(Los Angeles County<br>　Super. Ct. No. TA111652) |

APPEAL from orders of the Superior Court of Los Angeles County.  Laura R. Walton, Judge.  Reversed and remanded with directions.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In April 2010, defendant and appellant Sophorn J. Moeum, along with seven accomplices, participated in a violent robbery at an auto parts store that resulted in two fatalities. A jury found defendant guilty of two counts of first degree murder and one count of attempted murder, in addition to five other felonies, and found true the robbery-murder special-circumstance allegations. Defendant's accomplices were also found guilty. In 2014, we affirmed defendant's conviction after modifying the judgment to address several sentencing errors. (*People v. Kol* (June 13, 2014, B243664) [nonpub. opn.].)

Following passage of Senate Bill 1437 (2017–2018 Reg. Sess.) which, among other changes, resulted in the enactment of Penal Code section 1170.95, defendant filed a petition for resentencing with the trial court. During the pendency of this appeal, former section 1170.95 was renumbered as section 1172.6 with no change in the text. (Stats. 2022, ch. 58, § 10.) We refer to the statute only by its new designation for clarity.

The trial court appointed defendant counsel and the parties filed briefs. After a hearing, the court denied defendant's petition, reasoning he was not eligible for relief under the statutory scheme on the murder counts in light of the special circumstance findings and not eligible on the attempted murder count because attempted murder was not included within the scope of Penal Code section 1172.6.

We affirmed the denial of defendant's resentencing petition. (*People v. Moeum* (Feb. 4, 2021, B300707) [nonpub. opn.].) At that time, there was a split in the Courts of Appeal as to whether a jury's true finding on a special circumstance allegation pursuant to Penal Code section 190.2 precluded resentencing

2

relief under section 1172.6.  In affirming the trial court's denial, we said that pending further guidance from the Supreme Court, we would follow those cases concluding a true finding did preclude relief and that defendant's remedy was to pursue relief by way of habeas corpus.  As to the attempted murder count, we held the statutory language did not include convictions for attempted murder.

Defendant sought and was granted review by the Supreme Court.

In October 2021, the Legislature passed Senate Bill 775 (2021–2022 Reg. Sess.) which, among other things, amended the language of Penal Code section 1172.6 to expressly include that individuals convicted of attempted murder under a natural and probable consequences theory may seek resentencing relief. (Stats. 2021, ch. 551, § 2.)

In August 2022, the Supreme Court issued its decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).  Thereafter, the Supreme Court transferred this case to us with directions to vacate our decision and reconsider the matter in light of *Strong* and the passage of Senate Bill 775.  In supplemental briefing to this court, the parties agree that remand is warranted to allow the trial court to conduct further proceedings in accordance with Penal Code section 1172.6.

Having vacated our prior decision and reconsidered the issues presented in light of *Strong* and in light of the passage of Senate Bill 775, we reverse and remand with directions to the superior court to conduct further proceedings in accordance with Penal Code section 1172.6.

3

## DISCUSSION

The Supreme Court explained in *Strong* that its decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, "both substantially clarified the law governing findings under Penal Code section 190.2, subdivision (d): *Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to act with reckless indifference to human life, while *Clark* further refined the reckless indifference inquiry." (*Strong*, *supra*, 13 Cal.5th at pp. 706–707.) As a result, *Strong* concluded that "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong,* at p. 710.)

Here, the jury convicted defendant of first degree murder and made its true findings on the robbery-murder special circumstance allegations before our Supreme Court issued its decisions in *Banks* and *Clark*. The People therefore concede that remand is appropriate in light of the Supreme Court's discussion and holding in *Strong*. The People also concede that with the passage of Senate Bill 775 during the pendency of this appeal, remand is also appropriate on the attempted murder count.

We agree. We therefore reverse the trial court's denial of defendant's resentencing petition and remand for further proceedings pursuant to Penal Code section 1172.6, subdivisions (c) and (d).

## DISPOSITION

The trial court's order denying defendant Sophorn J. Moeum's petition for resentencing is reversed and the case is

4

remanded to the superior court.  On remand, the superior court is directed to conduct further proceedings pursuant to Penal Code section 1172.6, subdivisions (c) and (d).


GRIMES, J.

WE CONCUR:


STRATTON, P. J.


WILEY, J.

5